IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID BURNETT, MICHAEL PARADISE, AND DAVID NELSON as representatives of a class of similarly situated persons, and on behalf of the WESTERN GLOBAL AIRLINES, INC. EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>Plaintiffs,<br><br>v.<br><br>PRUDENT FIDUCIARY SERVICES LLC, MIGUEL PAREDES, JAMES K. NEFF, CARMIT P. NEFF, JAMES K. NEFF REVOCABLE TRUST DATED 11/15/12, CARMIT P. NEFF REVOCABLE TRUST DATED 11/15/12, WGA TRUST DATED 8/16/13, and JOHN DOES 1-10,<br><br>Defendants. | C.A. No. 1:22-cv-00270-RGA |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs submit as supplemental authority the attached decision of the United States District Court for the Southern District of New York in *Lloyd v. Argent Trust Co.*, No. 1:22-cv-04129-DLC, ECF No. 60 (December 6, 2022). Mirroring verbatim the arbitration provision at issue in this case, the arbitration clause in *Lloyd* was nonseverable and prohibited parties from obtaining in arbitration "any remedy which has the purpose or effect of providing additional benefits or monetary relief to any other Employee, Participant, or Beneficiary other than the Claimant." *Compare id.* at 8, *with* D.I. 26-1 at 62. Like the arbitration clause in this case, it also stated that any equitable relief granted in the arbitration "is not binding on the Administrator or the Trustee with respect to any Employee, Participant or Beneficiary other than the Claimant." *Compare Lloyd*, No. 1:22-cv-04129-DLC, ECF No. 60, at 9, *with* D.I. 26-1 at 62.

1

The court held that this provision prohibited "representative actions seeking relief on behalf of a plan even though ERISA expressly provides for such actions." *Lloyd*, No. 1:22-cv-04129-DLC, ECF No. 60, at 9. The court concluded that the ability to bring a representative action on behalf of the plan is a "'statutory right' that an arbitration agreement cannot override." *Id.* at 12-13 (citing *Cooper v. Ruane Cunniff & Goldfarb Inc.*, 990 F.3d 173, 184 (2d Cir. 2021)). That is consistent with the Supreme Court's observation that "[n]on-class representative actions . . . are part of the basic architecture of much of substantive law" and thus not waivable in an arbitration clause. *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906, 1922 (2022). Indeed, among the Court's "[f]amiliar examples" of such claims were "trustee actions," *id.*, which are directly analogous to claims under § 1132(a)(2). *See Adams v. Cyprus Amax Mins. Co.*, 149 F.3d 1156, 1160 (10th Cir. 1998) ("courts consistently have characterized ERISA actions . . . [as] akin to common law trust actions and thus governed by common law trust principles" (citing *Cox v. Keystone Carbon Co.*, 894 F.2d 647, 649-50 (3d Cir. 1990))). This alone is dispositive.

The court further determined that the plan's arbitration provision "imposes a limitation on relief that ERISA does not contain, and precludes remedies that ERISA expressly authorizes, such as the removal of a fiduciary." *Lloyd*, No. 1:22-cv-04129-DLC, ECF No. 60, at 12-13 (citing 29 U.S.C. § 1109(a)). Contrary to Defendants' new argument here that, in fact, fiduciary removal *is* available under the clause, the court in *Lloyd* easily concluded that the clause bars such relief. (And in any event, even if fiduciary removal were somehow available, the clause would still plainly bar equitable relief such as rescission, which would necessarily return money to participants beyond the plaintiffs in this case.)

Given that the arbitration clause in the instant case is materially identical to the clause at issue in *Lloyd*, this Court should reach the same conclusion here.

December 8, 2022

**COOCH AND TAYLOR, P.A.**
*/s/ Carmella P. Keener*
Carmella P. Keener (#2810)
1007 N. Orange St., Suite 1120
P.O. Box 1680
Wilmington, DE 19899-1680
(302) 984-3816
ckeener@coochtaylor.com

*Attorney for Plaintiffs*

OF COUNSEL:

STRIS & MAHER LLP
Peter K. Stris
Rachana A. Pathak
Victor O'Connell
John Stokes
777 S. Figueroa St., Suite 3850
Los Angeles, CA 90017
(213) 995-6800
pstris@stris.com
rpathak@stris.com
voconnell@stris.com
jstokes@stris.com

COHEN MILSTEIN SELLERS & TOLL PLLC
Michelle C. Yau
Daniel R. Sutter
Eleanor Frisch
1100 New York Ave. NW ● Fifth Floor
Washington, DC 20005
(202) 408-4600
myau@cohenmilstein.com
dsutter@cohenmilstein.com
efrisch@cohenmilstein.com

NICHOLS KASTER, PLLP
Paul J. Lukas
Brock J. Specht
Caroline E. Bressman
4700 IDS Center, 80 S 8th Street
Minneapolis, MN 55402
(612) 256-3200
lukas@nka.com
bspecht@nka.com
cbressman@nka.com