IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID BURNETT, MICHAEL PARADISE, and DAVID NELSON, as representatives of a class of similarly situated persons and on behalf of the WESTERN GLOBAL AIRLINES, INC. EMPLOYEE STOCK OWNERSHIP PLAN, <br><br> Plaintiffs, <br><br> v. <br><br> PRUDENT FIDUCIARY SERVICES LLC, MIGUEL PAREDES, JAMES K. NEFF, CARMIT P. NEFF, JAMES K. NEFF REVOCABLE TRUST DATED 11/15/12, CARMIT P. NEFF REVOCABLE TRUST DATED 11/15/12, WGA TRUST DATED 8/16/13, and JOHN DOES 1-10, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) C.A. No. 22-270-RGA ) ) ) ) ) ) ) ) ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

In their latest Notice of Supplemental Authority (D.I. 47), Plaintiffs cite a recent decision from the U.S. District Court for the Southern District of New York, *Lloyd v. Argent Trust Co.*, No. 1:22-cv-04129-DLC, 2022 WL 17542071 (December 6, 2022). The decision offers nothing new, and Plaintiffs rely on this out-of-circuit district court opinion to repeat arguments they have already made repeatedly—arguments that Defendants, in turn, have rebutted in their own briefing and during oral argument. Chief among these arguments is that the Seventh Circuit's decision in *Smith*, which *Lloyd* relies upon heavily, is inconsistent with Third Circuit precedent and misapplies the effective vindication doctrine. In addition to the reasons expressed in Defendants' prior briefing (*see* D.I. 24, 25, 28), Plaintiffs' reliance on *Lloyd* is misplaced for additional reasons.

First, while *Lloyd*'s arbitration language is close to the operative clause in the Western Global Airlines Plan Document, *Lloyd* does not confront a crucial point: that the plain language of the arbitration provision at issue must be read to allow equitable remedies besides monetary relief. Neither the parties' briefing in *Lloyd* nor the court's order addressed the decision in *Holmes v. Baptist Health S. Fla. Inc.*, No. 21-22986, 2022 WL 180638 (S.D. Fla. Jan. 20, 2022), which supports this approach. *See* Def's Reply Br. in support of Mot. to Compel Arbitration (D.I. 28) at 4, 6, and 8. *Holmes* offers a proper application of established law by both giving effect to all words of the arbitration clause and enforcing the liberal policy in favor of enforcing arbitration provisions expressed in the Federal Arbitration Act and by the Supreme Court. If an arbitration provision is capable of more than one meaning, this Court should interpret the language in such a way as to preserve it, not reject it.

Second, in their effort to disregard the arbitration provision's plain language, Plaintiffs suggest that the remedy of rescission would not be available under the provision because rescission "would necessarily return money to participants beyond the plaintiffs in this case." But this assertion is inconsistent with the ESOP formation transaction. Rescission would undo the ESOP transaction and return all parties to where they were previously. No Plan participant contributed funds to the ESOP or provided any financing for the purchase of stock, and the Complaint does not allege otherwise. Therefore, even if rescission were granted, the individual participants would not receive monetary relief—and would be left with one less employee benefit. They can only lose, not gain.

For these reasons, and those expressed in the earlier briefing, this Court should reject *Lloyd*'s holding and rationale.

| RICHARDS, LAYTON & FINGER, P.A. | CHIPMAN BROWN CICERO & COLE |
|---|---|
| */s/ Christine D. Haynes* | */s/ Mark L. Desgrosseilliers* |
| Jennifer C. Jauffret (#3689) | Joseph B. Cicero (#4388) |
| Christine D. Haynes (#4697) | Mark L. Desgrosseilliers (#4083) |
| One Rodney Square | Hercules Plaza |
| 920 N. King Street | 1313 North Market Street, Suite 5400 |
| Wilmington, DE 19801 | Wilmington, Delaware 19801 |
| Telephone: (302) 651-7700 | Telephone: (302) 295-0191 |
| jauffret@rlf.com | cicero@chipmanbrown.com |
| haynes@rlf.com | desgross@chipmanbrown.com |

OF COUNSEL:                                OF COUNSEL:

Jeffrey S. Russell                                Lars C. Golumbic
Bryan Cave Leighton Paisner LLP                   Sean C. Abouchedid
One Metropolitan Square                           Groom Law Group, Chartered
211 North Broadway, Suite 3600                    1701 Pennsylvania Avenue, N.W.
St. Louis, MO 63102                               Washington, DC 20006-5811

Robert M. Lewis, Jr.                              *Attorneys for Defendants Prudent Fiduciary*
1201 West Peachtree St., N.W.                     *Services LLC and Miguel Paredes*
14th Floor
Atlanta, Georgia 30309-3471

*Attorneys for Defendants James K. Neff,
Carmit P. Neff, James K. Neff Revocable
Trust dated 11/15/12, Carmit P. Neff
Revocable Trust dated 11/15/12, and WGA
Trust dated 8/16/13*

Dated: January 23, 2023