## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DAVID BURNETT AND DAVID NELSON, *as representatives of a class of similarly situated persons, and on behalf of the* WESTERN GLOBAL AIRLINES, INC. EMPLOYEE STOCK OWNERSHIP PLAN,

     *Plaintiffs*,

v.

PRUDENT FIDUCIARY SERVICES LLC, MIGUEL PAREDES, JAMES K. NEFF, CARMIT P. NEFF, JAMES K. NEFF REVOCABLE TRUST DATED 11/15/12, CARMIT P. NEFF REVOCABLE TRUST DATED 11/15/12, WGA TRUST DATED 8/16/13, AND JOHN DOES 1-10,

     *Defendants*.

C.A. No. 22-0270-RGA-JLH

## DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING THE MOTION TO COMPEL <u>ARBITRATION AND TO STAY OR, IN THE ALTERNATIVE, TO DISMISS</u>

RICHARDS, LAYTON & FINGER, P.A.

Jennifer C. Jauffret (#3689)
Christine D. Haynes (#4697)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
jauffret@rlf.com
haynes@rlf.com

OF COUNSEL:

Jeffrey S. Russell
Bryan Cave Leighton Paisner LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102

*Attorneys for Defendants James K. Neff,
Carmit P. Neff, James K. Neff Revocable
Trust dated 11/15/12, Carmit P. Neff
Revocable Trust dated 11/15/12, and WGA
Trust dated 8/16/13*

Dated: February 8, 2023

CHIPMAN BROWN CICERO & COLE

Joseph B. Cicero (#4388)
Mark L. Desgrosseilliers (#4083)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0191
cicero@chipmanbrown.com
desgross@chipmanbrown.com

OF COUNSEL:

Lars C. Golumbic
Sean C. Abouchedid
Groom Law Group, Chartered
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006-5811

*Attorneys for Defendants Prudent Fiduciary
Services LLC and Miguel Paredes*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..........................................................................................................ii

INTRODUCTION .......................................................................................................................... 1

STANDARD OF REVIEW ............................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I.      THE R&R IS CONTRARY TO LAW BECAUSE IT FAILS TO
ENFORCE THE ARBITRATION PROVISION IN VIOLATION OF
THE FAA AND ERISA.................................................................................. 2

         A.     ERISA Allows For Individualized Arbitration Proceedings. ..................... 3

         B.     This Arbitration Provision Allows For All Remedies ERISA
Offers. ....................................................................................................... 5

         C.     Even If Plan-Wide Equitable Relief Were Circumscribed, This
Arbitration Provision Would Still Be Enforceable. ................................... 7

II.     THE R&R IS CONTRARY TO LAW BECAUSE IT CREATES A
CONFLICT BETWEEN THE FAA AND ERISA WHERE NONE
EXISTS. ....................................................................................................... 8

CONCLUSION............................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Am. Exp. Co. v. Italian Colors Rest.*,
   570 U.S. 228 (2013)............................................................................................2, 8

*AT&T Mobility LLC v. Concepcion*,
   563 U.S. 333 (2011).................................................................................................2

*Cedeno v. Argent Tr. Co.*,
   No. 20-cv-9987, 2021 WL 5087898 (S.D.N.Y. Nov. 2, 2021)................................7

*CompuCredit Corp. v. Greenwood*,
   565 U.S. 95 (2012)...................................................................................................8

*Curtiss-Wright Corp. v. Schoonejongen*,
   514 U.S. 73 (1995)...................................................................................................2

*Dorman v. Charles Schwab Corp.*,
   780 F. App'x 510 (9th Cir. 2019) ............................................................................4

*Epic Sys. Corp v. Lewis*,
   138 S. Ct. 1612 (2018).........................................................................................5, 8

*Gilmer v. Interstate/Johnson Lane Corp.*,
   500 U.S. 20 (1991)...............................................................................................5, 8

*Harrison v. Envision Mgmt. Holding, Inc. Bd. of Dirs.*,
   593 F. Supp. 3d 1078 (D. Colo. 2022).....................................................................2

*Holmes v. Baptist Health S. Fla., Inc.*,
   No. 21-22986, 2022 WL 180638 (S.D. Fla. Jan. 20, 2022)......................................6

*Hughes Aircraft Co. v. Jacobson*,
   525 U.S. 432 (1999).................................................................................................4

*L.C. 1 v. Delaware*,
   No. 07-675, 2009 WL 814631 (D. Del. Mar. 30, 2009) ..........................................1

*LaRue v. DeWolff, Boberg & Assocs.*,
   552 U.S. 248 (2008)........................................................................................ *passim*

*Smith v. Bd. of Dirs. of Triad Mfg., Inc.*,
   13 F.4th 613 (7th Cir. 2021) ................................................................................4, 7

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
  559 U.S. 662 (2010) ..................................................................................................8

*Thole v. U.S. Bank N.A.*,
  140 S. Ct. 1615 (2020) .............................................................................................4

*US Airways, Inc. v. McCutchen*,
  569 U.S. 88 (2013) ...................................................................................................2

*Williams v. Medley Opportunity Fund II, LP*,
  965 F.3d 229 (3d Cir. 2020)......................................................................................8

## STATUTES

9 U.S.C. § 2 ...................................................................................................................2

29 U.S.C. § 1102(a)(1).................................................................................................2

29 U.S.C. § 1104(a)(1)(D) ...........................................................................................2

29 U.S.C. § 1132(a)(2).................................................................................................3

29 U.S.C. § 1132(a)(8).................................................................................................3

29 U.S.C. § 1144(d).....................................................................................................9

## INTRODUCTION

The Report and Recommendation ("R&R"), D.I. 53, implicates two federal statutes: the FAA and ERISA.  Each statute requires enforcement of the arbitration provision in this case—the FAA requires federal courts to enforce arbitration provisions as written and ERISA requires strict adherence to ERISA Plan Documents (and this Plan Document requires individual arbitration). But the R&R denied the motion to compel, thus offending both statutes and creating a conflict between them.  That outcome is wrong because the two statutes should be read harmoniously to further the rights enshrined in both.  The R&R declined to enforce this arbitration provision on the basis that (1) ERISA precludes individualized arbitration; and (2) this arbitration provision would prevent participants from vindicating certain remedies that ERISA allows.  This is wrong on both counts.  Supreme Court precedent makes clear that Plaintiff's ERISA claims *can* proceed via individualized arbitration.  Litigants over decades have sought to argue that one federal statute or another conflicts with the FAA, such that their flavor of federal claim cannot be arbitrated because of the remedies some other statute provides.  But the Supreme Court repeatedly, consistently, and universally rejects this argument.  The R&R reaches the opposite outcome and is therefore contrary to law.

## STANDARD OF REVIEW

This Court reviews the R&R's legal conclusions *de novo.  See L.C. 1 v. Delaware*, No. 07-675, 2009 WL 814631, at *1 (D. Del. Mar. 30, 2009) ("[T]o resolve a party's properly raised objections to a magistrate judge's report and recommendation, the court must determine *de novo* the parts of the magistrate judge's disposition to which the party has objected.").

**ARGUMENT**

I.   **THE R&R IS CONTRARY TO LAW BECAUSE IT FAILS TO ENFORCE THE ARBITRATION PROVISION IN VIOLATION OF THE FAA AND ERISA.**

Both the FAA and ERISA require enforcement of the Plan's arbitration provision.  The R&R, recommending denial of the motion to compel, thus offends both statutes.  The Court should reject it.

The FAA requires courts to enforce arbitration provisions.  *See* 9 U.S.C. § 2 (Such agreements "shall be valid, irrevocable, and enforceable.").  Where an arbitration provision exists, "in accordance with" its terms and on the motion of any party, courts must stay litigation pending arbitration. *Id.* § 3. "The overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011).  Courts "rigorously enforce arbitration agreements," including for claims alleging "violation of a federal statute."  *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (quotations and citation omitted).

For its part, ERISA requires strict adherence to the written terms of an ERISA-regulated plan document.  ERISA requires that "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument."  29 U.S.C. § 1102(a)(1).  "The plan, in short, is at the center of ERISA." *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 101 (2013).  Thus, any ERISA fiduciary must act "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with [other parts of ERISA]."  29 U.S.C. § 1104(a)(1)(D).  The written plan document binds all parties—participants who benefit, employers, and fiduciaries.  *See Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73 (1995).  ERISA is "built around reliance on the face of written plan documents." *Id.* at 83.  In adjudicating disputes arising under a Plan, courts "look[] to the terms of the plan[.]" *McCutchen*, 569 U.S. at

102 (quotation and citation omitted).  Where the "agreement governs, the agreement governs." *Id.* at 99.  The principle that fiduciaries and participants alike are bound by plan terms, and that courts enforce plan terms as written, is integral to ERISA's "carefully integrated civil enforcement provisions," *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 258 (2008) (citation omitted), which includes both civil enforcement (through litigation or arbitration) and government enforcement actions (brought by the Department of Labor).  29 U.S.C. § 1132(a)(8).

The governing Plan Document makes clear that claims like those asserted here "shall be settled by binding arbitration[.]"  D.I. 26, Ex. A, § 18.7.  The R&R correctly concurred twice. *See* D.I. 53 at 6 & 10.  That should be the end of the matter under the FAA and ERISA.

But the R&R came to a different conclusion.  The R&R finds the arbitration provision unenforceable because (1) it prohibited an individual plan participant from suing on behalf of the Plan, which in turn means (2) "they cannot recover plan-wide damages," D.I. 53 at 11, a remedy ERISA allows, and is thus unenforceable.  *Id.*  This is wrong on both counts.

A.  ERISA Allows For Individualized Arbitration Proceedings.

*First*, the R&R misinterprets ERISA's civil enforcement mechanisms to preclude individualized arbitration of ERISA claims because ERISA "gives plan beneficiaries the right to sue on behalf of a plan."  *See* D.I. 53 at 11.  But even if courts have interpreted ERISA to permit "plan-wide" actions, ERISA allows for *an individual action* as well.  In the context of a *defined contribution* plan, like the one at issue, the Supreme Court allows an *individual participant* to seek relief for harm to his *individual plan account*.  The Supreme Court squarely held that in the context of a defined contribution plan (like the plan at issue in this case) in *LaRue*:  In ERISA actions concerning a defined contribution plan, 29 U.S.C. § 1132(a)(2) "authorize[s] recovery for fiduciary breaches that impair the value of plan assets in a participant's individual account."  552 U.S. at

248; *see also Dorman v. Charles Schwab Corp.*, 780 F. App'x 510, 514 (9th Cir. 2019) (citing *LaRue*, 552 U.S. at 256) (claims under § 1132(a)(2) "are inherently individualized when brought in the context of a defined contribution plan like that at issue," and individual arbitration provision is therefore enforceable).

In other words, in the context of a defined contribution plan, a participant can bring a viable claim under §§ 1132(a)(2) and 1109 (*viz.*, a claim that seeks to recover "losses to the plan"), even when such "losses" are limited to the participant's individual account rather than all plan accounts. An individual arbitration, like the one contemplated here, limited to individual monetary remedies, is entirely consistent with *LaRue*—one participant, seeking recovery for losses to the plan and restoration of profits attributable to that participant's individual plan account.[1]  ERISA may *allow* for "plan-wide" collective action, but does not *require* that—and *LaRue* forecloses the R&R's contrary holding because *LaRue* allows individual actions.  Relying on *LaRue*, the Ninth Circuit blessed an individual arbitration in this context in *Dorman*.  Rather than grapple with that holding, the R&R simply "disagree[s] with *Dorman*," D.I. 53 at 13 n.7, without explaining why.

This holding cannot be reconciled with the Supreme Court's decision in *LaRue* nor the appellate decisions that follow it, including *Dorman*.  Even the Seventh Circuit in *Smith v. Board of Directors of Triad Manufacturing, Inc.*, 13 F.4th 613 (7th Cir. 2021), agrees on this point:

---

[1]      This distinguishes defined *contribution* plans, like this one, from defined *benefit* plans, like a traditional pension.  The distinction makes sense, as a defined *benefit* plan entitles a participant to specific benefits, funded by the employer, in retirement.  All benefits in that case are paid from a single trust, and a participant would be harmed only if a fiduciary caused losses to the common trust such that money was not available to pay the participant's benefit.  *See Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1619 (2020).  In a defined *contribution* plan, however, each participant's benefits are held in an individual plan account, and a participant can be harmed by a fiduciary breach causing loss to that individual account.  *See, e.g.*, *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 439 (1999) (explaining the difference).  That individual harm to a plan account is *precisely* what occurred in *LaRue*, and explains why the Supreme Court allowed for individual recovery in that case (and in other defined contribution cases).

4

"Because [the claimant] participated in a defined contribution plan, *LaRue* governs, and the Supreme Court made clear in *LaRue* that § 1132(a) authorizes recovery for fiduciary breaches that impair the value of plan assets in a participant's *individual* account." *Id.* at 622 (cleaned up); *see also id.* ("[I]ndividualized arbitration" is not "inherently incompatible with ERISA."). To find otherwise is contrary to law.

The R&R is also incorrect because the Supreme Court has considered and rejected the argument that a federal statutory scheme allowing for collective action—like sections 1132(a) and 1109(a)—necessarily precludes individual arbitration. Rather, the FAA requires *enforcement* of arbitration provisions even when those provisions mandate that claimants assert claims on an individual basis in arbitration, rather than on a class or collective basis in federal court. *See Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1619 (2018). Such individualized arbitration provisions have been blessed by the Supreme Court in the context of a variety of other federal statutes that *Epic Systems* catalogued, including class actions brought under the Sherman and Clayton Acts, the Age Discrimination in Employment Act, the Credit Repair Organizations Act, the Securities Act of 1933, the Securities Exchange Act of 1934, and the Racketeer Influenced and Corrupt Organizations Act. *See id.* at 1627. The ERISA provisions at issue compel the same result.

The cases cited in *Epic Systems* make clear that a "collective action scheme" in a federal statute "does not displace the Arbitration Act or prohibit individualized arbitration proceedings." *Id.* at 1626 (emphasis omitted); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32 (1991) (statute's provision for collective action and relief does not preclude "individual attempts at conciliation" through arbitration).

B. This Arbitration Provision Allows For All Remedies ERISA Offers.

*Second*, the R&R's holding that this arbitration provision is invalid because it limits the

relief available under ERISA is also contrary to law and misreads the plain terms of the provision. *See* D.I. 53 at 11 (The arbitration provision is invalid because "it eliminates a right to pursue a remedy provided by statute."). This arbitration provision protects the full panoply of ERISA remedies. As to monetary loss, it allows this participant to recover his individual monetary losses. It allows other participants (in their own individual arbitration proceedings) to recover any individual losses they can prove. In short, *any participant* who suffered a monetary harm to his plan account can pursue recovery for that loss through individual arbitration and all allegedly harmed participants can be made whole. Plaintiffs argued, and the R&R accepted, the proposition that ERISA can be enforced *only* if an individual plaintiff is allowed to seek monetary relief on behalf of all participants. ERISA does not compel that conclusion, and *LaRue* leads to the opposite result.

Moreover, enforcement of the arbitration provision does not preclude an arbitrator from awarding equitable remedies that ERISA allows (*e.g.*, removal of a fiduciary). The arbitration provision broadly authorizes "such other remedial and equitable relief as the arbitrator deems proper" so long as that relief "does not include or result in the provision of *additional benefits or monetary relief* to any Employee Participant or Beneficiary other than the Claimant." D.I. 26 at 59 (emphasis added). The forms of Plan-wide equitable relief Plaintiff seeks (*e.g.*, rescission, invalidating indemnification, fiduciary removal, and an independent fiduciary) do not provide "additional benefits or monetary relief." Indeed, these forms of relief are not *plan benefits or other monetary relief* at all: they are *equitable* in nature. As *Holmes v. Baptist Health South Florida, Inc.* found, although such remedies have "a Plan-wide effect, [they] do[] not provide additional benefits or monetary relief as prohibited" by an individualized arbitration provision. No. 21-22986, 2022 WL 180638 at *3 (S.D. Fla. Jan. 20, 2022).

6

In short, the arbitration provision in this Plan *allows* the arbitrator to enter plan-wide equitable relief, including the removal of a plan fiduciary, if appropriate, as the R&R impliedly concedes when it notes that equitable relief was "not necessarily" precluded by individual arbitration. *See* D.I. 53 at 10-11.   Decisions from other courts—including *Smith*, *Harrison*, and *Cedeno*—that turn on the unavailability of plan-wide equitable relief are therefore inapplicable here to the extent they interpret similar language to preclude plan-wide equitable relief, because that interpretation is wrong. *See Smith*, 13 F.4th at 621; *Harrison v. Envision Mgmt. Holding, Inc. Bd. of Dirs.*, 593 F. Supp. 3d 1078, 1084 (D. Colo. 2022); *Cedeno v. Argent Tr. Co.*, No. 20-cv-9987 (JGK), 2021 WL 5087898, at *5 (S.D.N.Y. Nov. 2, 2021).

This arbitration provision does not violate ERISA because it allows all allegedly injured participants to seek relief and it forecloses *no* equitable remedy that ERISA allows.  Thus, the R&R is also wrong because it misapplies Third Circuit precedent by misreading *Williams v. Medley Opportunity Fund II, LP*, 965 F.3d 229 (3d Cir. 2020). *See* D.I. 53 at 15-16. There, the arbitration provision was invalid because it categorically prohibited prospective plaintiffs from pursuing remedies expressly provided by federal law. *See Williams*, 965 F.3d at 242.   This provision does no such thing.

> C. Even If Plan-Wide Equitable Relief Were Circumscribed, This Arbitration <u>Provision Would Still Be Enforceable</u>.

Even if the Court reads this arbitration provision to preclude plan-wide equitable relief (and it should not), that would not invalidate it.  So long as an individual participant can pursue monetary relief to his individual plan account, he can effectively vindicate his rights under ERISA, and DOL remains available to enforce plan-wide equitable remedies if appropriate.  The Supreme Court has enforced individual arbitration provisions with respect to other federal statutory claims where an agency remained free to seek collective remedies.  In *Gilmer*, the Supreme Court rejected

the analogous argument under the ADEA because, among other reasons, "arbitration agreements will not preclude *the EEOC* from bringing actions seeking class-wide and equitable relief." 500 U.S. at 32 (emphasis in original). In the context of ERISA's "'comprehensive and reticulated statute' with 'carefully integrated civil enforcement provisions,'" it is enough that DOL enforcement is available. *LaRue*, 552 U.S. at 258 (citation omitted).

## II. THE R&R IS CONTRARY TO LAW BECAUSE IT CREATES A CONFLICT BETWEEN THE FAA AND ERISA WHERE NONE EXISTS.

The R&R also sets up a conflict between the FAA and ERISA by effectively holding that ERISA claims like this one can *never* be arbitrated because they *always* require plan-wide, rather than individual, arbitration, and because the remedies in ERISA are fundamentally incompatible with individual arbitration. When faced with an argument that two federal statutes are incompatible, federal courts are required to read the statutes harmoniously if they can. These two statutes can be read harmoniously, so the Court must read them that way and compel arbitration.

The Supreme Court has made clear that federal courts may not subvert the FAA's mandatory arbitration requirements to the whims of another federal statutory regime unless there is a "clearly expressed congressional intention" to do so. *See Epic Sys.*, 138 S. Ct. at 1624. The requirement that courts enforce arbitration agreements as written applies equally to terms "that specify *with whom* the parties choose to arbitrate their disputes," *Italian Colors*, 570 U.S. at 233 (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 683 (2010)) (emphasis added), and *about what* they are arbitrating, including "for claims that allege a violation of a federal statute, unless the FAA's mandate has been overridden by a contrary congressional command," *id.* (quoting *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012)).

Nothing in ERISA evinces any such Congressional intention to preclude individualized arbitration of ERISA claims. Indeed, ERISA says the opposite. ERISA, which was passed decades

*after* the FAA, makes clear that "[n]othing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States[.]"  29 U.S.C. § 1144(d).

## CONCLUSION

For the reasons set forth above, the Court should sustain Defendants' objections.

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Jennifer C. Jauffret*
Jennifer C. Jauffret (#3689)
Christine D. Haynes (#4697)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone: (302) 651-7700
jauffret@rlf.com
haynes@rlf.com

OF COUNSEL:

Jeffrey S. Russell
Bryan Cave Leighton Paisner LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102

*Attorneys for Defendants James K. Neff,*
*Carmit P. Neff, James K. Neff Revocable*
*Trust dated 11/15/12, Carmit P. Neff*
*Revocable Trust dated 11/15/12, and WGA*
*Trust dated 8/16/13*

Dated: February 8, 2023

CHIPMAN BROWN CICERO & COLE

*/s/ Mark L. Desgrosseilliers*
Joseph B. Cicero (#4388)
Mark L. Desgrosseilliers (#4083)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0191
cicero@chipmanbrown.com
desgross@chipmanbrown.com

OF COUNSEL:

Lars C. Golumbic
Sean C. Abouchedid
Groom Law Group, Chartered
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006-5811

*Attorneys for Defendants Prudent Fiduciary*
*Services LLC and Miguel Paredes*

10