IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID BURNETT, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 22-270-RGA |
| | : | |
| PRUDENT FIDUCIARY SERVICE, LLC, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Defendants filed a motion to compel arbitration. (D.I. 24). The motion was fully briefed. (D.I. 25, 27, 29). I referred it to a magistrate judge. (D.I. 32). The Magistrate Judge held oral argument. (D.I. 36). The Magistrate Judge issued a thorough Report and Recommendation, recommending I deny the motion. (D.I. 53). Defendants filed objections, to which Plaintiffs responded. (D.I. 56, 58). I review the Magistrate Judge's recommendation *de novo*.

The legal question presented is whether the "effective vindication" exception to an ERISA Plan's agreement to arbitrate renders the agreement's arbitration provision invalid as applied to the sort of lawsuit Plaintiffs have brought here. The Magistrate Judge's Report and Recommendation is persuasive on this point. It was also prescient. Within a few weeks of its issuance, the Tenth Circuit, on a complaint alleging the same theories as in the instant case,[1] and with essentially the same arbitration agreement, thoroughly analyzed the same issues and came

---

[1] Plaintiffs' counsel in *Harrison* are also Plaintiffs' counsel in this case.

to the same conclusion at the Magistrate Judge did.  *See Harrison v. Envision Mgmt. Holding, Inc. Bd. of Directors*, 59 F.4th 1090 (10th Cir. 2023).  *Harrison* is persuasive.

Thus, the Objections (D.I. 56) are OVERRULED.  The Report and Recommendation (D.I. 53) is ADOPTED IN FULL.  The motion to compel arbitration (D.I. 24) is DENIED.

IT IS SO ORDERED this 8th day of March 2023.

<u>/s/ Richard G. Andrews</u>
United States District Judge