IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID BURNETT and DAVID NELSON as representatives of a class of similarly situated persons, and on behalf of the WESTERN GLOBAL AIRLINES, INC. EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>Plaintiffs,<br><br>v.<br><br>PRUDENT FIDUCIARY SERVICES, LLC, MIGUEL PARADES, JAMES K. NEFF, CARMIT P. NEFF, JAMES K. NEFF REVOCABLE TRUST DATED 11/15/12, CARMIT P. NEFF REVOCABLE TRUST DATED 11/15/12, KELLY S. NEFF TRUST DATED 1/1/10, DANIELLE J. NEFF TRUST DATED 1/1/10, and WGA TRUST DATED 8/16/13,<br><br>Defendants. | C.A. No. 1:22-cv-00270-RGA/JLH |

**ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT
(SHAREHOLDER SETTLEMENT)**

Plaintiffs David Burnett and David Nelson, as representatives of a class of similarly situated persons, and on behalf of the Western Global Airlines, Inc. Employee Stock Ownership Plan and related Trust (collectively, the "Plaintiffs"), have moved, pursuant to Federal Rule of Civil Procedure 23, for an order preliminarily approving the settlement of this Action and for certification of a settlement class, in accordance with the Class Action Settlement Agreement dated July 8, 2024 (the "Settlement Agreement"), which sets forth the terms and conditions of a proposed settlement of this Action. The Court, having read and considered the Settlement Agreement, the Motion, and the exhibits thereto, HEREBY ORDERS THAT:

1. **Settlement**. Plaintiffs, on behalf of themselves and all members of the Settlement Class, and Defendants James K. Neff, Carmit P. Neff, James K. Neff Revocable Trust Dated 11/15/12, Carmit P. Neff Revocable Trust Dated 11/15/12, Kelly S. Neff Trust Dated 1/1/10, Danielle J. Neff Trust Dated 1/1/10, and WGA Trust Dated 8/16/13 (collectively, the "Shareholder Defendants" and, together with the Plaintiffs, the "Settling Parties"), have negotiated a full settlement of the claims asserted against the Shareholder Defendants to avoid the expense, uncertainties, and burden of protracted litigation, and to fully and finally resolve the Released Claims (as defined in the Settlement Agreement) against the Shareholder Defendants and the other Releasees (as defined in the Settlement Agreement).

2. **Definitions.** This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used but not defined herein shall have the same meanings as in the Settlement Agreement.

3. **Jurisdiction and Venue**. The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Class Members, and venue in the Court is proper. The Court has subject-matter jurisdiction over the claims asserted in the Action pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), including, without limitation, jurisdiction to approve the proposed Settlement Agreement and all exhibits attached thereto, grant final certification of the Class for settlement purposes, settle and release all claims arising out of the transactions alleged in this Action, and dismiss the Action with prejudice as between Plaintiffs and the Shareholder Defendants, and issue related orders. Additionally, venue is proper in this district pursuant to ERISA § 502(e)(2), 29 U.S.C. 1132(e)(2).

4. **Preliminary Approval.** The Court hereby preliminarily approves the Settlement Agreement as fair, reasonable, and adequate, subject to further consideration at the Fairness

Hearing described below. The Court finds on a preliminary basis that the Settlement Agreement falls within the range of reasonableness and was the product of informed, good-faith, arm's-length negotiations between the Settling Parties and their counsel, and therefore meets the requirements for preliminary approval and is sufficient to warrant sending notice to the Class.

5. **Settlement Class.** The Court certifies for settlement purposes only the Settlement Class as a non-opt out class under Federal Rule of Civil procedure 23(b)(1) consisting of all participants and beneficiaries of the Plan at any time since its inception, excluding Defendants, their family members or beneficiaries. The members of the Settlement Class are the "Class Members." As a non-opt out Class, the proposed Class Members shall have no right to exclude themselves from the Class, the Settlement, or the Final Judgment. If the Court finally approves the Settlement, each proposed Class Member will be a Settlement Class Member and forever bound by the Settlement and Final Judgment.

6. **Class Representatives and Class Counsel.** The Court appoints Plaintiffs David Burnett and David Nelson as Class Representatives, and the law firms Cooch and Taylor, PA, Stris & Maher LLP, Cohen Milstein Sellers & Toll PLLC, and Nichols Kaster PLLP as Class Counsel. The Court preliminarily finds that the Representative Plaintiffs are similarly situated to absent Class Members and therefore typical of the Class, and that they will be adequate class representatives. Plaintiffs' Counsel, whom the Court finds are experienced and adequate counsel for purposes of this Settlement approval proceeding, are hereby designated as Class Counsel.

7. **Final Approval Hearing.** A hearing (the "Fairness Hearing") shall be held before the Court, on January 14, 2025, at 10:00 a.m., at the United States District Court for the District of Delaware, in the courtroom of Judge Richard G. Andrews, located at the J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801, to determine, among other things: (i)

whether the proposed Settlement of this action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (ii) whether a Final Approval Order as provided in Paragraph 1.8 of the Settlement Agreement should be entered; (iii) whether the Parties should be bound by the Releases set forth in Section 3 of the Settlement Agreement; and (iv) any amount of fees and expenses that should be awarded to Class Counsel and any Service Award to the Class Representatives for their representation of the Settlement Class. The Parties shall include the date of the Fairness Hearing in the Class Notice to be disseminated to the Settlement Class.

8. **CAFA Notice.** The Shareholder Defendants shall confirm in writing that the notices required by the Class Action Fairness Act of 2005, PL 109-2 (2005) ("CAFA"), as specified by 28 U.S.C. § 1715, were sent within ten (10) days of the filing of the Motion for Preliminary Approval.

9. **Class Notice**. The Court approves the form and substance of the proposed Class Notice, attached to the Motion for Preliminary Approval as Exhibit [●], which it finds constitutes valid, due, and sufficient notice to all persons entitled to notice. The Court further finds that the form and content of the Class Notice meet the requirements of Rule 23 and due process, including 28 U.S.C. § 1715, Fed. R. Civ. P. 23(c) and (e), and the Due Process Clause(s) of the United States Constitution. The Court further finds that the proposed notice plan represents the best notice practicable under the circumstances and is reasonably calculated, under all the circumstances, to apprise potential Class Members of the pendency of this Action, the terms of the Settlement Agreement, and of their right to object to the proposed Settlement, any requested attorneys' fees, reimbursement of litigation or settlement administration expenses, and service awards, as well as Class Members' right to appear at the Fairness Hearing.

10. **Settlement Administrator**. The Court appoints Simpluris ("Settlement Administrator") to supervise and administer the notice procedure as more fully set forth below:

   a. The Shareholder Defendants shall cause Western Global Airlines, Inc. ("WGA") to provide the names and last known addresses of the Settlement Class Members in electronic format ("the Class Contact List"), within ten (10) days of the entry of this Order

   b. Within thirty (30) days of the entry of this Order, Class Counsel or the Settlement Administrator shall cause the Class Notice to be disseminated to the Class Members and shall post the Class Notice, the operative Second Amended Complaint in this action, and contact information for the Settlement Administrator, on a website for the Settlement Class, as set forth in the Settlement Agreement;

   c. The Class Notice shall be substantially in the form of Exhibit [●] to the Motion for Preliminary Approval; however, Class Counsel and the Settlement Administrator shall have discretion to make non-material edits to the format of the Class Notice that they deem reasonable to ensure an efficient notice program that minimizes mailing or administration costs;

   d. Following the issuance of the Class Notice, the Settlement Administrator shall provide written confirmation of such issuance in a declaration to be filed as set forth in the Settlement Agreement;

   e. The Shareholder Defendants shall cause WGA to provide the information (in electronic format) set forth in the Settlement Agreement that is reasonably necessary to carry out the plan of allocation within twenty-one (21) days of the entry of the Preliminary Approval Order; and

   f. The Settlement Administrator shall otherwise carry out its duties as set forth in the Settlement Agreement.

11. **Independent Fiduciary**. Plaintiffs' Counsel shall promptly select a qualified Independent Fiduciary to review the Settlement on behalf of the Plan as required under and pursuant to the Settlement Agreement. The Independent Fiduciary shall notify the Shareholder Defendants' Counsel and Plaintiffs' Counsel in writing of its determination as to whether the Settlement meets the requirements of Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation." 68 Fed. Reg. 75,632. Such

notification shall be delivered at least twenty-one (21) calendar days before the deadline for Class Counsel to file the Final Approval Motion.

12. **Objections**. Any Class Member may object to the proposed Settlement or to the requested attorneys' fees, expenses, and Service Awards, by filing a written objection with the Clerk of Court, United States District Court for the District of Delaware at least twenty-one (21) calendar days before the Fairness Hearing. A copy of the Objection must also be mailed to the Settlement Administrator and Class Counsel so that it is received on or before fifteen (21) days before the Fairness Hearing. To be valid, the Objection must set forth, in clear and concise terms: (a) the case name and number (*Burnett, et al. v. Prudent Fiduciary Services, LLC, et al.*, C.A. No. 1:22-cv-00270-RGA/JLH); (b) the name, address, and telephone number of the objector objecting and, if represented by counsel, of his or her counsel; (c) the complete basis for Objection; (d) a statement of whether the objector intends to appear at the Fairness Hearing, and the name of the objector's counsel; (e) a statement of whether the Objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (f) copies of all supporting documents. Any Class Member who does not make his or her Objection in this manner shall be deemed to have waived such Objection and shall not be permitted to object to any terms of the Settlement at the Fairness Hearing, and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, and the award of attorneys' fees and expenses to Class Counsel, and the payment of a Service Award to the Class Representatives, unless otherwise ordered by the Court. Responses to objections shall be filed at least seven (7) days before the Fairness Hearing.

13. **Appearance of Objectors at Fairness Hearing**. Any Class Member who files and serves a written Objection in accordance with this Order may appear, in person or as represented

by counsel, at the Fairness Hearing, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, if the objector also: (a) files with the Clerk of the Court a notice of intention to appear at the Fairness Hearing by the Objection Deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on the Settlement Administrator, Class Counsel and the Shareholder Defendants' Counsel by the Objection Deadline. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objector will present to the Court at the Fairness Hearing. Any Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Settlement Agreement and this Order shall be deemed to have waived their right to appear at the Fairness Hearing.

14. **<u>Service of Motion for Final Approval</u>**. The motion in support of final approval of the Settlement shall be filed no later than forty-five (45) days prior to the Fairness Hearing; any Objections to the Settlement shall be filed no later than twenty-one (21) days prior to the Fairness Hearing; and any response to any objections shall be filed no later than seven (7) days prior to the Fairness Hearing.

15. **<u>Fees, Expenses, and Awards</u>**. Class Counsel's application for attorneys' fees and expenses and Class Representative Service Awards shall be filed and served no later than forty-five (45) days prior to the Fairness Hearing; any objections shall be filed no later than twenty-one (21) days prior to the Fairness Hearing; and any response to any objections shall be filed no later than seven (7) days prior to the Fairness Hearing. The Shareholder Defendants shall not have any responsibility for any application for attorneys' fees and expenses or Service Awards request submitted by Class Counsel, and such matters will be considered separately from the fairness, and reasonableness of the Settlement. The Court's approval or disapproval of the Settlement, and the

effectiveness of the Settlement Agreement, shall not be contingent on the Court's approval or disapproval of the requested attorneys' fees, expenses, or Service Awards. At or after the Fairness Hearing, the Court shall determine whether any application for attorneys' fees and expenses, and any Service Awards to the Class Representatives for their representation of the Settlement Class, should be approved.

16. **Termination of Settlement**. In the event the Court does not grant final approval to the Settlement Agreement, or for any reason the Parties fail to obtain a Final Approval Order and Final Judgment as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the following shall apply:

    a. All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

    b. The conditional certification of the Class pursuant to this Order shall be vacated automatically, and the Action shall proceed as though the Class had never been certified pursuant to the Settlement Agreement and such findings had never been made;

    c. Nothing contained in this Order is, or may be construed as, a presumption, concession or admission by or against the Shareholder Defendants or the Representative Plaintiffs or the Class of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, whether civil, criminal or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the Action as a class action;

    d. Nothing in this Order or pertaining to the Settlement Agreement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any other proceeding in this case, including, but not limited to, motions or proceedings seeking treatment of the Action as a class action;

    e. Nothing in this Order or pertaining to the Settlement Agreement is, or may be construed as, a presumption, concession or admission by or against the Shareholder Defendants that the Action meets the requisites for certification as a

class action under federal law; and

f.     All of the Court's prior Orders having nothing whatsoever to do with the Settlement shall, subject to this Order, remain in force and effect, except that the Parties shall submit to the Court, jointly if they reach agreement thereon or separately if no such agreement is reached, a proposed new scheduling and case management order for the remaining discovery and other proceedings in this civil action.

17.    **Use of Order**. Neither this Order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Shareholder Defendants. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this Action. In no event shall this Order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in this action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties, and only the Parties, in a proceeding to enforce the Settlement Agreement.

18.    **No Merits Determination**. By entering this Order, the Court does not make any determination as to the merits of this case.

19.    **Alteration of Exhibits**. Class Counsel and the Shareholder Defendants' Counsel are hereby authorized to use all reasonable procedures to further the administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, non-substantive changes to the form of the Notice, Exclusion Form, and other exhibits that they jointly agree are reasonable or necessary such as the inclusion of specific dates or other modifications.

20. **Injunction**. Pending the Fairness Hearing, the Court hereby enjoins any Class Member from instituting, asserting, or prosecuting any of the Released Claims against the Shareholder Defendants in any federal or state court or any other forum.

21. **Continuing Jurisdiction**. The Court retains jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement and the Settlement.

IT IS SO ORDERED

  September 24  , 2024           /s/ Richard G. Andrews
                                                Hon. Richard G. Andrews
                                                UNITED STATES DISTRICT JUDGE
                                                FOR THE DISTRICT OF DELAWARE