IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID BURNETT AND DAVID NELSON as representatives of a class of similarly situated persons and on behalf of the WESTERN GLOBAL AIRLINES, INC. EMPLOYEE STOCK OWNERSHIP PLAN,<br><br>               Plaintiffs,<br><br>v.<br><br>PRUDENT FIDUCIARY SERVICES, LLC, MIGUEL PARADES, JAMES K. NEFF, CARMIT P. NEFF, JAMES K. NEFF REVOCABLE TRUST DATED 11/15/12, CARMIT P. NEFF REVOCABLE TRUST DATED 11/15/12, KELLY S. NEFF TRUST DATED 1/1/10, DANIELLE J. NEFF TRUST DATED 1/1/10 and WGA TRUST DATED 8/16/13,<br><br>               Defendants. | C.A. No. 1:22-cv-00270-RGA/JLH |

**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL
WITH PREJUDICE**

Plaintiffs David Burnett and David Nelson, as representatives of a class of similarly situated persons, and on behalf of the Western Global Airlines, Inc. Employee Stock Ownership Plan and related Trust (collectively, the "Plaintiffs"), have moved, pursuant to Federal Rule of Civil Procedure 23, for an order approving the settlement of this Action in accordance with Class Action Settlement Agreements dated July 8, 2024 and September 20, 2024 (the "Settlement Agreements"), which set forth the terms and conditions of a proposed settlement of all claims in this Action.

1

On September 24, 2024, this Court granted preliminary approval to the settlement set forth in the Settlement Agreements. D.I. 144 & 145. The Court also approved the procedure for providing Class Notice and set a fairness hearing for January 14, 2025. *Id.* The Court finds that due and adequate notice was given to the Settlement Class.

The Court received and has considered the papers filed in support of the motion for Final Approval, the Settlement Agreements, other attachments, and all memoranda submitted on behalf of the Class Representatives and the Settlement Class. The Court held a fairness hearing on January 14, 2025, during which the Court considered whether the terms and conditions of the Settlement Agreements are fair, reasonable, and adequate, whether judgment should be entered and all claims be dismissed with prejudice, and whether to award fees and expenses to class counsel and a service award to Class Representatives, and if so, in what amount.

Based on all documents and arguments submitted to the Court, the Court finds that the Settlement Agreements are fair, adequate, and reasonable. The terms of the Settlement Agreements are in the best interests of the Settlement Class.

The Court, having read and considered the Settlement Agreements, the Motion, and the exhibits thereto, HEREBY ORDERS THAT:

1. **Definitions.** This Order incorporates by reference the definitions in the Settlement Agreements, and all capitalized terms used but not defined herein shall have the same meanings as in the Settlement Agreements.

2. **Jurisdiction and Venue.** The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Class Members, and venue

in the Court is proper. The Court has subject-matter jurisdiction over the claims asserted in the Action pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), including, without limitation, jurisdiction to approve the proposed Settlement Agreements and all exhibits attached thereto, grant final certification of the Class for settlement purposes, settle and release all claims arising out of the transactions alleged in this Action, and dismiss the Action with prejudice as between Plaintiffs and all Defendants, and issue related orders. Additionally, venue is proper in this district pursuant to ERISA § 502(e)(2), 29 U.S.C. 1132(e)(2).

3. **Final Approval.** The Court hereby approves the Settlement Agreements as fair, reasonable, and adequate. The Court finds that the Settlement Agreements fall within the range of reasonableness and were the product of informed, good-faith, arm's-length negotiations between the settling parties and their counsel, and therefore meets the requirements for final approval.

4. **Settlement Class.** The Court previously certified a non-opt out class under Federal Rule of Civil procedure 23(b)(1) consisting of all participants and beneficiaries of the Plan at any time since its inception, excluding Defendants, their family members or beneficiaries. The members of the Settlement Class are the "Class Members." As a non-opt out Class, the Class Members have no right to exclude themselves from the Class, the Settlement, or the Final Judgment. Each Class Member is forever bound by the Settlement and Final Judgment. The parties are hereby directed to perform the terms of the Settlement Agreement.

5. **Class Representatives and Class Counsel.** The Court confirms the prior appointment of Plaintiffs David Burnett and David Nelson as Class Representatives, and the law firms Cooch and Taylor, PA, Stris & Maher LLP, Cohen Milstein Sellers & Toll PLLC, and Nichols Kaster PLLP as Class Counsel.

6. **Dismissal with Prejudice.** This Order is the final judgment as to all claims released by the Settlement Agreement, and those claims are dismissed with prejudice and without costs charged to any party.

7. **Releases.** The Court approves the releases contained in Section 3.2 of each of the Settlement Agreements, including but not limited to the definition of "Released Claims." The Released Claims are set forth in full in the Settlement Agreements and are fully, finally, and forever released, relinquished, and discharged. The Released Parties include the Shareholder Defendants and Trustee Defendants, as well as all other persons and entities listed as Released Parties in the Settlement Agreements.

8. **Approval of Class Notice.** The Class Notice utilized the best practicable form and distribution method, including mailing the notice to each individual class member reasonably identifiable and creating a publicly available website with relevant information. The notice satisfied constitutional due process requirements and complied with Rule 23 of the Federal Rules of Civil Procedure and all other relevant laws.

9. **CAFA Notice.** The Defendants have timely provided notification to all required federal and state officials regarding the Settlement under 28 U.S.C. § 1715.

10. **Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements, or proceedings

shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of any Defendant. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this Action. In no event shall this Order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in this action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties, and only the Parties, in a proceeding to enforce the Settlement Agreement.

11. **No Merits Determination**. By entering this Order, the Court does not make any determination as to the merits of this case.

12. **Alteration of Exhibits**. Class Counsel, the Trustee Defendants' Counsel, and the Shareholder Defendants' Counsel are hereby authorized to use all reasonable procedures to further the administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, non-substantive changes to the form of the Notice, Exclusion Form, and other exhibits that they jointly agree are reasonable or necessary such as the inclusion of specific dates or other modifications.

13. **Injunction**. The Court hereby enjoins any Class Member from instituting, asserting, or prosecuting any of the Released Claims against the Shareholder Defendants or the Trustee Defendants in any federal or state court or any other forum.

14. **Continuing Jurisdiction**. The Court retains jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreements and the Settlement.

**IT IS SO ORDERED**.

Dated: _____Jan. 14_____, 2025

_____
The Honorable Richard G. Andrews
United States District Judge

6